**Kevin E. POTTER, Marguerite Potter, Delmarva Enterprises, Plaintiffs–Appellants,**

v.

**Robert ALTMAN, as Chapter 7 Trustee, Defendant–Appellee.**

**No. 15–11645**
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

April 12, 2016.

Kevin E. Potter, Mays Landing, NJ, pro se.

Marguerite Potter, Mays Landing, NJ, pro se.

Delmarva Enterprises, Mays Landing, NJ, pro se.

Stephen D. Busey, Allan E. Wulbern, Smith Hulsey & Busey, Jacksonville, FL, for Defendant–Appellee.

Before HULL, MARCUS, and JORDAN, Circuit Judges.

PER CURIAM:

Marguerite Potter, her son Kevin Potter, and her business (Delmarva Enterprises), proceeding *pro se,* appeal the district court's order affirming the bankruptcy court's denial of a motion for a new trial in an adversary proceeding, where they were enjoined from suing the Trustee of Kevin Potter's bankruptcy es-

tate without leave of court. Additionally, the Potters assert several claims of error, primarily arising from the Trustee's actions in evicting them from a New Jersey property.

All of the appellants' claims, except for their challenge to the permanent injunction, are waived, unjusticiable, or improperly presented.[1] As for the permanent injunction, the bankruptcy court did not abuse its discretion because that injunction was clearly authorized under *Barton v. Barbour,* 104 U.S. 126, 26 L.Ed. 672 (1881).

In February of 2009, Kevin Potter filed a petition for bankruptcy under Chapter 7 of the Bankruptcy Code. That petition listed a mailing address in Silver Springs, Florida. The bankruptcy court appointed Robert Altman as the Chapter 7 Trustee, and Mr. Altman filed an adversary proceeding to set aside, as fraudulent, the pre-petition transfer of Mr. Potter's real estate in New Jersey to his mother and her company. In March of 2010, the bankruptcy court granted the Trustee's request and entered judgment voiding the transfer of the property, ruling that Ms. Potter and her company no longer owned an interest in the property, which now belonged to the bankruptcy estate (to be administered by the Trustee). Ms. Potter and Delmarva filed a motion to set aside the default, and the bankruptcy court denied that motion. Ms. Potter and Delmarva then appealed that order to the district court, but that appeal was dismissed for failure to prosecute.

In March of 2011, the Trustee filed a notice of intent to sell Mr. Potter's former New Jersey home as part of the bankruptcy estate. Ms. Potter objected as a creditor to the sale. Mr. Potter, as the debtor, also filed objections to the sale of the property. The bankruptcy court entered an order requiring the Potters to vacate the New Jersey property. The bankruptcy court noted that because neither Ms. Potter nor Delmarva had any enforceable claims against the bankruptcy estate, and the New Jersey home constituted property of the bankruptcy estate, neither Mr. Potter nor Ms. Potter had any right to continue occupying the property.

In November of 2011, the bankruptcy court ordered the Potters to remove all personal property from their former home in New Jersey, within a time period beginning on November 28, 2011 at 9 a.m., and ending on November 29, 2011, at 5 p.m. The bankruptcy court prohibited the Potters from entering the property except during that time period. Additionally, the court ruled that any property not removed would be deemed abandoned.

In April of 2013, the bankruptcy court entered a final summary judgment permanently enjoining the Potters and Delmarva from continuing with any litigation against the Trustee, his attorneys, or any officer of the court without the prior consent of the court. One month later, the bankruptcy court entered three orders: (1) an order overruling Mr. Potter's objection to the closing of the bankruptcy estate; (2) an order overruling Mr. Potter's objection to the Trustee's final report; and (3) an order denying a motion for a new trial in the adversary proceeding in which it had enjoined the Potters and Delmarva from in-

---

1. Ms. Potter's arguments that the Trustee committed fraud on the court, that the Trustee lacked standing under *Barton* because he was not the Trustee in her Chapter 13 bankruptcy petition, and that the bankruptcy court could not enter a final judgment on a state law counterclaim were raised for the first time on appeal and in the exercise of our discretion we do not address them. *See KMS Restaurant Corp. v. Wendy's Int'l, Inc.,* 361 F.3d 1321, 1328 n. 4 (11th Cir.2004).

stituting suits against the Trustee without prior consent of the court. The Potters and Delmarva appealed to the district court, and the district court affirmed the orders of the bankruptcy court. The Potters and Delmarva now appeal.

The Potters and Delmarva argue that the district court failed to conduct a *de novo* review, concealed the "outrageous wrongdoings" of the Trustee, and failed to dismiss the case. Because the bankruptcy court did not abuse its discretion in granting a permanent injunction prohibiting the appellants from suing the Trustee without leave from the bankruptcy court, we affirm.

 As an initial matter, we dismiss the appeal by Delmarva. It is well-settled that a corporate entity must appear and litigate through counsel, and cannot proceed *pro se*. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir.1985).

We review a district court's decision to grant or deny a permanent injunction for an abuse of discretion. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006). The Supreme Court has held that before suit is brought against a receiver, the general rule is that leave of the court that appointed him must be obtained. *See Barton v. Barbour*, 104 U.S. 126, 127, 26 L.Ed. 672 (1881). We have extended the Barton doctrine to bankruptcy trustees. *See Carter v. Rodgers*, 220 F.3d 1249, 1252–53 (11th Cir.2000). The bankruptcy court did not abuse its discretion in permanently enjoining Ms. Potter and Delmarva from suing the Trustee without first obtaining the court's permission. This injunction was authorized under the *Barton* doctrine. *See Id.*

We dismiss Delmarva's appeal and affirm the district court's affirmance of the bankruptcy court's entry of an injunction and order denying the motion for a new trial.[2]

**DISMISSED IN PART AND AFFIRMED IN PART.**

---

**2.** As to the other arguments presented by the Potters, we affirm without further discussion.